**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DENNIS OLIVARES,
Plaintiff-Appellant,

v.

NATIONAL AERONAUTICS AND SPACE

ADMINISTRATION; DANIEL GOLDIN,
Administrator; JOHN M. KLINEBERG,
Director,
Defendants-Appellees.

No. 96-2100

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Peter J. Messitte, District Judge.
(CA-94-168-PJM)

Submitted: May 15, 1997

Decided: June 2, 1997

Before RUSSELL, HALL, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joel P. Bennett, LAW OFFICES OF JOEL P. BENNETT, P.C.,
Washington, D.C., for Appellant. Lynne A. Battaglia, United States
Attorney, Deborah A. Johnston, Assistant United States Attorney,
Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Dennis Olivares appeals the district court's order granting Defendants' motion for summary judgment in his civil actions in which he alleged a variety of claims which arose out of their employment relationship. Finding no reversible error, we affirm.

Olivares is a NASA engineer who filed numerous complaints and lawsuits against the agency, his supervisors, and co-workers. In the present suit, Olivares seeks review of his four unsuccessful employment discrimination complaints and adds several constitutional, statutory, and common law claims. Olivares, who is of Mexican descent, alleges that Defendants discriminated against him based on his race and national origin. Specifically, he contends that he was passed over for promotion to approximately twenty positions, retaliated against for filing complaints, and suffered numerous other indignities.

Summary judgment is appropriate when there is "no genuine issue of material fact," given the parties' burdens of proof at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (italics in original); Fed. R. Civ. P. 56(c). In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). The appellate standard of review of a grant of summary judgment is de novo. Higgins v. E.I. DuPont de Nemours & Co. , 863 F.2d 1162, 1167 (4th Cir. 1988). In the present case, we find that the district court properly granted the Defendants' motion.

Even assuming Olivares established a prima facie case of discrimination and that his fourth complaint was timely,* the burden of pro-

_____

*See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

2

duction would shift to the Defendants to articulate some legitimate, nondiscriminatory reason for their actions. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). Here, we find that Defendants provided numerous nondiscriminatory reasons for not promoting Olivares, including his lack of qualifications, superior qualifications of other candidates, his inability to work in a team setting, and his disruptive behavior. Since Olivares never provided any evidence suggesting these reasons were pretextual, we find that summary judgment was appropriate.

The same proof scheme applies to Olivares' claim that Defendants retaliated against him for filing EEOC claims and his whistleblowing activities. Ross, 759 F.2d at 365. To establish a prima facie case of discriminatory retaliation, Olivares needed to show that: (1) he engaged in protected activity; (2) the employer took adverse employment action against him; and (3) a causal connection existed between the protected activity and the adverse action. Id. In the present case, we agree with the district court that Olivares failed to establish the requisite causal connection.

Finally, we find that the district court properly addressed Olivares' constitutional, statutory, and common law claims and affirm the grant of summary judgment on the reasoning of the district court as to those claims. We therefore affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

3